UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUREEN HARRINGTON, as personal representative for the Estate of BLAINE HARRINGTON III, | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:23-cv-05306 |
| v. | ) ) Hon. Steven C. Seeger |
| BABY GIZMO COMPANY d/b/a BABYGIZMO.COM, | ) ) ) |
| Defendant. | ) ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.  Nature of the Case**

**A.  Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

Lead Trial Attorney for Plaintiff:
Daniel DeSouza, Esq.
Copycat Legal, PLLC
311 N. University Drive, Suite 301
Coral Springs, Florida 33065
T. 877-437-6228
E. dan@copycatlegal.com

Lead Trial Attorney for Defendant:
Griffin Klema, Esq.
Klema Law, P.L.
PO Box 172381
Tampa, FL 33672-0381
T: 202-713-5292
E: griffin@klemalaw.com

**B.** **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669 (7th Cir. 2012).**

**If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things.** *First*, **if a party is a corporation, counsel must identify its place of incorporation and its principal place of business.** *Second*, **if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.** *See Belleville Catering Co. v. Champaign Market Place LLC*, **350 F.3d 691 (7th Cir. 2003);** *Cosgrove v. Bartolotta*, **150 F.3d 729 (7th Cir. 1998);** *Carden v. Arkoma Assoc.*, **494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.**

This is a copyright infringement action. The basis for federal jurisdiction is federal question, pursuant to 28 U.S.C. § 1331, and the basis for the claim arises under 17 U.S.C. § 501 et seq. (copyright infringement).

**C.** **Provide a short overview of the case in plain English (five sentences or less).**

Defendant alleges that this lawsuit involves a single claim for copyright infringement by a prolific photographer and regular copyright enforcer against one defendant, a mom's blog, in which plaintiff alleges defendant infringed plaintiff's copyright by unauthorized copying/display of one of plaintiff's photographs on its website (blog post). Defendant alleges that plaintiff Harrington is a copyright troll, that plaintiff's claim is barred by the statute of limitations in addition to the certificate being invalid, among other defenses..

**D.** **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff alleges a single count for copyright infringement against defendant with respect to defendant's alleged unauthorized copying/display of one of plaintiff's photographs on a website.

Defendant Baby Gizmo's Answer and Affirmative Defenses pleads that plaintiff Harrington's claim is barred by §507(b) due to the running of the statute of limitations on a blog post from 2014, and also alleges that plaintiff's certificate of copyright registration is invalid for knowing inaccuracies pursuant to Unicolors. Baby Gizmo further pleads defenses alleging insufficiently creative image, innocent, good faith use, actual damages and no attorney's fees, de minimis use, and copyright misuse (trolling).

**E.** **What are the principal factual issues?**

>Whether Plaintiff has a copyright, whether plaintiff's certificate of registration is valid, when Defendant published the photograph on its website and/or other websites without permission, and what the damages are. Defendant alleges that additional factual issues include the scope of Harrington's prior lawsuits alleging infringement, activities in those cases, monies paid by other defendants to Harrington on the subject image and other of Harrington's images (all of which affects Baby Gizmo's trolling defense), Blaine Harrington's conduct in registering the copyright with the U.S. Copyright Office and his alleged knowledge of material inaccuracy on the application, Baby Gizmo's intent and innocence in creating the blog post and money derived from that post, the actual market value for stock photography images and a shoreline photograph of Santa Barbara in particular, the scope or absence of protectable expression in the image, and Harrington's prior license of the image to third parties. These are but some of the factual issues Defendant alleges are presently understood by Defendant at this early stage.
>
>In addition, whether Defendant is legally responsible for the contents of the website at issue.

**F.      What are the principal legal issues?**

>Whether publication of the photograph on a mom's blog in 2014, as alleged in the Complaint, constitutes actionable copyright infringement and whether the statute of limitations under 17 U.S.C. § 507(b) bars plaintiff's claim. Whether Harrington is entitled to statutory remedies due to the operation of § 412. Whether the image on Baby Gizmo's website is substantially similar to or includes any protectable expression allegedly embodied in the image in which Harrington claims copyright. Whether Baby Gizmo's conduct was not intentional but rather innocent and in good faith. Additional possible legal issues include prevailing party status.
>
>Whether Defendant can be considered to be legally responsible for the contents of the website.

**G.      What relief is the plaintiff(s) seeking?  Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).**

>Plaintiff is seeking both money damages and injunctive relief, as well as attorneys' fees and costs. Harrington demanded, pre-suit $30,000 in settlement of the claim. The injunctive relief is not at issue because the alleged image is no longer on Baby Gizmo's blog post. Baby Gizmo's attorney's fees, if it prevails, depend on the extent of the litigation and cannot be reasonably ascertained at this state of the proceeding.

**H.      Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.**

>Defendant has been served [D.E. 4].

**II.     Discovery**

3

A. **Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.** *Fill in the blanks, below.*

**Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.**

| Event | Deadline |
|---|---|
| Amendment to the pleadings | Defendant proposes November 30, 2024. Plaintiff proposes January 31, 2024. |
| Service of process on any "John Does" | n/a |
| Completion of Fact Discovery | May 24, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain) June 24, 2024 |
| Deposition of Plaintiff's Expert | July 8, 2024 |
| Disclosure of Defendant's Expert Report(s) | July 22, 2024 |
| Deposition of Defendant's Expert | August 5, 2024 |
| Dispositive Motions | One month after the close of expert discovery (insert a date certain) September 5, 2024 However, Baby Gizmo may move pursuant to Rule 12 before then |

B. **How many depositions do the parties expect to take?**

Plaintiff anticipates taking the deposition of Defendant, but reserves the right to take additional depositions as discovery is exchanged.

C. **Do the parties foresee any special issues during discovery?**

4

    Baby Gizmo anticipates Harrington will resist disclosing other of her enforcement actions and settlements, as demonstrated in <u>Harrington v. Dugar</u>, no. 22-cv-8230 (D.N.M.). Baby Gizmo also anticipates that Harrington will not disclose certain other information directly from that and other cases, including her recent deposition in that case.

**D.**   **Rule 26(f)(2) requires the parties to propose a discovery plan.** *See* **Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.** *See* **Fed. R. Civ. P. 6(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

**If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.**

The parties propose the following:

**(A)**  <u>Rule 26(a) Disclosures</u>: The Parties do not propose any changes in the form of requirements of mandatory disclosures under Fed. R. Civ. P. 26(a). Harrington proposes the parties will exchange the materials and initial disclosures by **November 29, 2023.** Baby Gizmo, however, will be seeking a stay of this case and all discovery.

**(B)**  <u>Subjects of Discovery and Phases</u>: At this time, the parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases. The parties would anticipate the need to each serve interrogatories, requests for production, subpoenas, and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery. Again, Baby Gizmo will be seeking a stay of this case and all discovery.

**(C)**  <u>Electronic Discovery Issues</u>: The parties agree that all relevant Electronically Stored Information ("ESI") will be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computer and software programs. The parties further agree that when discovery requests are made, they will undertake good faith efforts to comply with the terms of the requests. For structured ESI, like database data, the parties agree make reasonable efforts to procure and produce ESI in native formats. For unstructured ESI, like emails and word processing, the parties agree to make reasonable efforts to produce discovery in a searchable PDF format and/or native format.

**(D)**  <u>Claims of Privilege or Protecting Trial Preparation Materials</u>: In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any

5

inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E) <u>Changes in Discovery Limitations</u>:  The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed.  However, the Parties reserve the right to request changes to limitations or additional limitations should the need arise during the course of discovery.

(F) <u>Other Orders Under Rules 26(c) or 16(b)</u>:  The Parties do not request any other orders under Rules 26(c) or 16(b) at this time.

(G) <u>Any Issues About</u>:

<u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>:  The Parties will agree on reasonable procedures for discovery of electronically stored information.

<u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>:  The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

### III. Trial

**A.    Have any of the parties demanded a jury trial?**

Yes

**B.    Estimate the length of trial.**

2-3 days

### IV. Settlement, Referrals, and Consent

**A.    Have any settlement discussions taken place?  If so, what is the status?  Has the plaintiff made a written settlement demand?  And if so, did the defendant respond in writing?  (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

6

> Pre-suit, Plaintiff's counsel's office attempted multiple times to reach Defendant to discuss potential resolution without the need for judicial intervention; however, Plaintiff's counsel's office was unable to make contact with Defendant.
>
> Since Defendant has appeared, parties have attempted to discuss settlement, but have been unsuccessful.

    **B.**     **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

> No

    **C.**     **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

> The parties do not unanimously consent.

**V.**     <u>**Other**</u>

    **A.**     **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

> No

    **B.**     **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

> This is a typical copyright trolling case, and the Court should view it accordingly. Baby Gizmo will be requesting a stay of this case pending the Supreme Court's decision in <u>Nealy v. Warner Chappell Music, Inc.</u>, no. 22-1078.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br><br>*Attorney for Plaintiff*<br><br>By: /s/ Daniel DeSouza _____<br>    Daniel DeSouza, Esq. | KLEMA LAW, P.L.<br>PO Box 172381<br>Tampa, FL 33672-0381<br>Telephone: (202) 713-5292<br>griffin@klemalaw.com<br><br>*Attorney for Defendant*<br><br>By: \_\_/s/ Griffin Klema_____<br>    Griffin C. Klema, Esq. |