# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAUREEN HARRINGTON, as personal representative for the Estate of BLAINE HARRINGTON III, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BABY GIZMO COMPANY )<br>d/b/a BABYGIZMO.COM. )<br>)<br>Defendant. )<br>_____) | Case No. 1:23-cv-05306<br><br>Hon. Steven C. Seeger |

## [PROPOSED] SCHEDULING ORDER UNDER RULE 16(b)

The Court received the parties' Joint Initial Status Report, which contained a proposed discovery plan as required by Rule 26(f)(2). Based on the discovery plan proposed by the parties, the Court hereby sets the following scheduling order under Rule 16(b). The Court will modify this schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

| Event | Deadline |
|---|---|
| Amendment to the pleadings | **November 30, 2024**<br>**January 31, 2024** |
| Service of process on any "John Does" | n/a |
| Completion of Fact Discovery | **May 24, 2024** |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain)<br>**June 24, 2024** |
| Deposition of Plaintiff's Expert | **July 8, 2024** |
| Disclosure of Defendant's Expert Report(s) | **July 22, 2024** |
| Deposition of Defendant's Expert | **August 5, 2024** |
| Dispositive Motions | One month after the close of expert discovery (insert a date certain)<br>**September 5, 2024** |

|  | However, this deadline shall not preclude a party from moving earlier pursuant to Rule 12 |
|--|--|

(A)     <u>Rule 26(a) Disclosures</u>:  The Parties do not propose any changes in the form of requirements of mandatory disclosures under Fed. R. Civ. P. 26(a). The Parties agree that they will exchange the materials and initial disclosures by **November 29, 2023**, unless this case is stayed before then.

(B)     <u>Subjects of Discovery and Phases</u>:  At this time, the parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure.  The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases.  The parties would anticipate the need to each serve interrogatories, requests for production, subpoenas, and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery.

(C)     <u>Electronic Discovery Issues</u>:  The parties agree that all relevant Electronically Stored Information ("ESI") will be preserved until the resolution of this matter.  This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computer and software programs.  The parties further agree that when discovery requests are made, they will undertake good faith efforts to comply with the terms of the requests.  For structured ESI, like database data, the parties agree make reasonable efforts to procure and produce ESI in native formats.  For unstructured ESI, like emails and word processing, the parties agree to make reasonable efforts to produce discovery in a searchable PDF format and/or native format.

(D)     <u>Claims of Privilege or Protecting Trial Preparation Materials</u>:  In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E)     <u>Changes in Discovery Limitations</u>:  The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed.  However, the Parties reserve the right to request changes to limitations or additional limitations should the need arise during the course of discovery.

(F)     <u>Other Orders Under Rules 26(c) or 16(b)</u>:  The Parties do not request any other orders under Rules 26(c) or 16(b) at this time.

(G)     <u>Any Issues About</u>:

<u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>: The Parties will agree on reasonable procedures for discovery of electronically stored information.

<u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>: The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

**SO ORDERED**:

Date: _____, 2023

                                                                               Steven C. Seeger
                                                                               United States District Judge