**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**Case No. 1:23-cv-05306-EEB/SRH**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

BABY GIZMO COMPANY
d/b/a BABYGIZMO.COM,

    Defendant.

---

## **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Baby Gizmo Company, by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 12(c), moves for judgment on plaintiff's Complaint, [ECF 1].

i

## TABLE OF CONTENTS

Page

**TABLE OF CONTENTS** ............................................................................................................... ii

**TABLE OF CITATIONS** ............................................................................................................. iii

**INTRODUCTION** ......................................................................................................................... 1

**PROCEDURAL HISTORY** .......................................................................................................... 1

**STANDARD FOR JUDGMENT ON THE PLEADINGS** ........................................................... 1

**ARGUMENT** ................................................................................................................................ 2

    I.      **HARRINGTON'S COPYRIGHT INFRINGEMENT CLAIM IS FORECLOSED BY THE COPYRIGHT ACT STATUTE OF LIMITATIONS** . 2

          A.      The plain language of the Copyright Act statute of limitations shows that a claim for infringement accrues when an infringing act occurs, not upon the discovery of the violation ................................................................ 2

          B.      *Taylor* correctly applied the accrual-then-toll approach to infringement claims which *Consumer Health* confirms ...................................... 4

          C.      *Chicago Building Design* clarified the mode of analysis for copyright infringement claim timeliness in view of *Petrella*; no new claims of infringement accrue after an image is placed onto a website .......................... 9

          D.      Harrington's complaint on its face proves the statute of limitations has run in this ordinary infringement action .................................................... 12

**CONCLUSION** ........................................................................................................................... 13

# TABLE OF CITATIONS

Page

**Cases**

Bagett v. Bullitt, 377 U.S. 360 (1964) ...................................................................................... 6

Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984) ....................................................... 7

Boatman v. Peoria Area Ass'n of Realtors, no. 20-cv-1248 (C.D. Ill. Nov. 5, 2021) ................... 11

Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc., 137 S.Ct. 2042 (2017).................................... 6

Carter v. Pallante, 256 F. Supp. 3d 791 (N.D. Ill. 2017) ............................................................ 11

Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610 (7th Cir. 2014) ......... passim

Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013)..................................................................... 8

Consumer Health Info. Corp. v. Amylin Pharms., Inc., 819 F.3d 992 (7th Cir. 2016) ......... passim

CTS Corp. v. Waldburger, 573 U.S. 1 (2014) ............................................................................... 6

Darger v. Lerner, no. 22-cv-3911 (N.D. Ill. Mar. 28, 2023)........................................................ 11

Emory v. Peeler, 756 F.2d 1547 (11th Cir. 1985).......................................................................... 8

Energy Intelligence Grp., Inc. v. Exelon Generation Co., no. 20-cv-3983 (N.D. Ill. Apr. 21, 2021) ..................................................................................................................................... 11

Everly v. Everly, 958 F.3d 442, 459-64 (6th Cir. 2020).............................................................. 2, 3

Frey v. Bank One, 91 F.3d 45 (7th Cir. 1996) ............................................................................... 2

Gabelli v. SEC, 568 U.S. 442 (2013)............................................................................................. 3

Gaiman v. McFarlane, 360 F.3d 644 (7th Cir. 2004) ................................................................... 7

Holland v. Florida, 560 U.S. 631 (2010) ...................................................................................... 6

Jay E. Hayden Found. v. First Neighbor Bank, N.A., 610 F.3d 382 (7th Cir. 2010) ..................... 2

Lodholtz v. York Risk Servs. Grp., Inc., 778 F.3d 635, 639 (7th Cir. 2015) ................................. 2

Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941)............................................. 8

Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023) ....................................... 9

Norfolk S. Ry. v. Guthrie, 233 F.3d 532 7th Cir. 2000) ................................................................. 8

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) ................................................. 3, 9

Rotkiske v. Klemm, 140 S.Ct. 355 (2019) ................................................................................ 3, 6

SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,
   137 S.Ct. 954 (2017) ........................................................................................... 3, 9, 10

Seven Arts Filmed Entm't, Ltd. v. Content Media Corp., 733 F.3d 1251 (9th Cir. 2013) ........... 10

Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983) ................................................................ passim

TRW Inc. v. Andrews, 534 U.S. 19 (2001) ................................................................................... 3

Webster v. Guitars, 955 F.3d 1270 (11th Cir. 2020) .................................................................... 8

Wolf v. Travolta, 167 F.Supp.3d 1077 (C.D. Cal. 2016) ....................................................... 11, 12

## Statutes

17 U.S.C. § 507(b) ........................................................................................................................ 2

17 U.S.C. §106 ............................................................................................................................ 12

28 U.S.C. § 2201 .......................................................................................................................... 8

## Other Authorities

BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT (2016) .......................................... 7

RON HURTIBISE, DON'T EVEN THINK ABOUT USING THAT PHOTO YOU FOUND ONLINE FOR
   YOUR WEBSITE. YOU MIGHT BE MAKING AN EXPENSIVE MISTAKE. S. FLA. SUN SENTINEL,
   Aug. 7, 2022 .................................................................................................................... 1

## INTRODUCTION

The late Blaine Harrington, and now his estate, is a well-known copyright enforcer, having filed more than 100 copyright infringement cases typically concerning a single photograph on a website and seeking tens of thousands of dollars from the accused infringers pre-suit and demanding confidential settlements to prop up the extortionate shakedowns.[1] This is one such case, where plaintiff Harrington has demanded $30,000 in damages for one unremarkable image among many on a 2014 blog post. Harrington knows that the post is nearly a decade old, and alleged that explicitly in the complaint. That allegation dooms the infringement claim under the Copyright Act's 3-year statute of limitations.

## PROCEDURAL HISTORY

Harrington brought a 1-count complaint for copyright infringement on August 10, 2023, against Baby Gizmo Company ("Baby Gizmo"). [ECF 1]. Baby Gizmo answered and asserted a number of defenses, including that Harrington's claim is barred by the statute of limitations. [ECF 11]. The Complaint alleges that the purported infringement occurred only once: on June 5, 2014. [ECF 1 at ¶ 15]. Harrington does not allege any further acts of infringement other than on that one date. The pleadings are now closed and Baby Gizmo Co. moves for judgment on them pursuant to Rule 12(c) based on the Copyright Act statute of limitations and for a stay of these proceedings.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

A Rule 12(c) motion for judgment on the pleadings employs the same standard as a motion to dismiss under Rule 12(b)(6). Lodholtz v. York Risk Servs. Grp., Inc., 778 F.3d 635, 639 (7th

---

[1] Ron Hurtibise, Don't even think about using that photo you found online for your website. You might be making an expensive mistake. S. Fla. Sun Sentinel, Aug. 7, 2022, available at https://www.sun-sentinel.com/2022/08/07/dont-even-think-about-using-that-photo-you-found-online-for-your-website-you-might-be-making-an-expensive-mistake/

1

Cir. 2015). Although such motions "should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief," Frey v. Bank One, 91 F.3d 45, 46 (7th Cir. 1996), where a complaint reveals that the plaintiff's claim is barred by the statute of limitations, then dismissal is appropriate, Jay E. Hayden Found. v. First Neighbor Bank, N.A., 610 F.3d 382, 383 (7th Cir. 2010) ("Although the statute of limitations is an affirmative defense to liability and so ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading.").

## ARGUMENT

The words of the Copyright Act inform the present dispute. The Act's statute of limitations, 17 U.S.C. § 507(b) is clear, does not include a discovery provision, and therefore a claim of copyright infringement accrues upon the occurrence of a violation of the Act. Everly v. Everly, 958 F.3d 442, 459-64 (6th Cir. 2020) (Murphy, J., concurring). A careful reading of decisions from the Seventh Circuit reveals that it follows the injury-occurrence rule and not the discovery rule for garden variety infringement claims, as distinguished from claims of copyright ownership. Plaintiff Harrington's complaint reveals on its face that the estate's claim is time-barred.

### I. HARRINGTON'S COPYRIGHT INFRINGEMENT CLAIM IS FORECLOSED BY THE COPYRIGHT ACT STATUTE OF LIMITATIONS

#### A. The plain language of the Copyright Act statute of limitations shows that a claim for infringement accrues when an infringing act occurs, not upon the discovery of the violation

The Copyright Act of 1976 ("Act") and its statute of limitations prescribes a 3-year window for timeliness of infringement claims. 17 U.S.C. § 507(b). It provides that "[n]o civil action shall be maintained ... unless it is commenced within three years after the claim accrued." Id. On its face, the text manifests no intention on the part of Congress to employ a discovery rule. Instead, the "standard rule" for interpreting statutes of limitations "is that a claim accrues 'when the

2

plaintiff has a complete and present cause of action.'" Gabelli v. SEC, 568 U.S. 442, 448 (2013) (Roberts, C.J.). The Supreme Court has held that it "is not ordinarily true" that a statute of limitations begins to run "when 'a plaintiff knows of a cause of action.'" SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S.Ct. 954, 962 (2017) (Alito, J.). Consistent with that mode of analysis, the Supreme Court has tended to reverse courts' "[a]textual judicial supplementation" when they add a discovery rule onto a statute of limitations where none is provided. Rotkiske v. Klemm, 140 S.Ct. 355, 360 (2019) (Thomas, J.); see also TRW Inc. v. Andrews, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment) (an "expansive approach to the discovery rule is a 'bad wine of recent vintage'").

Judge Murphy's concurrence in Everly, 958 F.3d at 459-68, is the quintessential *textual* analysis from a circuit court judge why an infringement claim accrues under §507(b) upon its occurrence and not discovery, and why that result is consistent with the foregoing Supreme Court decisions. While he acknowledges being precedent-bound to adhere to the incorrect discovery rule, he rightly criticizes the prior decisions, which "merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." Id. at 461. Thus, a claim for copyright infringement runs from its *occurrence* based on the plain language of § 507(b), and not the plaintiff's knowledge or discovery of a possible violation of rights under § 501. That conclusion is strongly alluded to by the Supreme Court in Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014).

A careful reading of the Seventh Circuit's decisions applying the Copyright Act's statute of limitations reveals that two different approaches are applied depending on the type of claim asserted. For garden variety infringement claims, a claim accrues upon its occurrence, while for

3

copyright ownership claims, they accrue once there is a bona fide dispute as to the existence of or claims in those rights.

### B. Taylor correctly applied the accrual-then-toll approach to infringement claims which Consumer Health confirms

The Seventh Circuit has never, in a reported decision, engaged in a textual analysis of the Copyright Act's statute of limitations, let alone decided whether a discovery rule applies to ordinary infringement actions. Four of its decisions have confronted 17 U.S.C. § 507(b), but none have ever squarely addressed whether the statute embodies a discovery rule for copyright infringement. In fact, the oldest of is cases, Taylor, implicitly holds that an ordinary infringement claim (rights enforcement) accrues upon the injury, while the most recent case, Consumer Health, holds that a copyright ownership claim accrues upon knowledge of competing claims (rights existence *principium*) together with a recognition that each kind of claim differs for purposes of accrual.

We start with Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983), where the Seventh Circuit implicitly held that an infringement claim accrues upon the occurrence of the infringing act. There, the defendant Meirick had infringed plaintiff Taylor's maps by copying them and distributing them to dealers for retail sale. Id. at 1117. But because Mierick had not "quit selling the infringing maps before May 8, 1977," (the critical date for purposes of the statute of limitations) there was active infringement within three years of when suit was filed. Id. Additionally, the Taylor court complicated the limitations analysis by including a defendant's common law "duty to assist his victim" subsequent to initial infringement. Id. Because Mierick did not seek to retrieve the infringing maps from the dealers, "he became a participant in [the dealers'] infringements" that also occurred within the limitations period. Id. The court expressly acknowledged in dicta that *had* Mierick taken reasonable steps to secure the return of the infringing maps "from his dealers before

4

the maps were resold to customers, [*then*] this suit would be time-barred even if—as happened—the maps were still being sold years later by dealers who had bought them from Mierick before May 8, 1977." Id.

While in Taylor the court did not engage with the statutory text itself, the decision's rationale shows that the Seventh Circuit understood §507(b) as embodying an injury-occurrence rule, which is subject to equitable tolling, and not a discovery rule to *delay* the claim's accrual in the first instance. Consistent with the accrual-then-toll approach, the court then went on to apply that principle to find Taylor's claims timely due to active, fraudulent concealment by the defendant: "the statute of limitations is **tolled until** the plaintiff learned or by reasonable diligence could have learned that he **had** a cause of action." Taylor, 712 F.2d at 1117 (emphasis supplied). The court's use of the past tense—"had"—indicates that the cause of action existed *before* the "plaintiff learned" of its existence at a later time. The decision in Taylor necessarily held an infringement claim had already accrued, and simply applied the equitable tolling doctrine to find the plaintiff's claim timely due to "fraudulent concealment" by the defendant which was "calculated to throw ... Taylor himself off the scent." Id. at 1118. Because the defendant's conduct was "calculated to obstruct any inquiry" by the plaintiff, that "toll[ed] the statute of limitations." Id.[2]

Properly read, Taylor shows that an infringement claim accrues upon the occurrence of the injury, and tolling may be applied thereafter at the request of a plaintiff upon proper proof of exceptional circumstances to equitably relieve them from their otherwise time-barred claim. The

---

[2] The other part of Taylor, allowing an infringement claim to "reach back and get damages for the entire duration of the alleged violation" premised on the continuing violation doctrine, Taylor, 712 F.2d at 1118-19, was overruled by Chicago Building Design which concluded that "the 'continuing violation' doctrine is incompatible with the separate-accrual rule of §507(b)," Chicago Building, 770 F.3d at 616.

5

Seventh Circuit's most recent decision in Consumer Health reinforces that reading of Taylor when it characterized the decision as "a garden-variety infringement action [where] copyright ownership was not in dispute." Consumer Health Info. Corp. v. Amylin Pharms., Inc., 819 F.3d 992, 997 (7th Cir. 2016).

Key to understanding Taylor and reconciling it with other Seventh Circuit decisions is how equitable tolling applies to statutes of limitations and how a claim of copyright ownership accrues.

The equitable tolling doctrine "is the judicial power to promote equity, rather than to interpret and enforce statutory provisions," Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc., 137 S.Ct. 2042, 2051 (2017), and is applicable where there are "extraordinary circumstance[s that ] prevent[ a plaintiff] from bringing a timely action," CTS Corp. v. Waldburger, 573 U.S. 1, 9-10 (2014); Holland v. Florida, 560 U.S. 631, 652 (2010) ("the circumstances of a case must be 'extraordinary' before equitable tolling can be applied"); see also Bagett v. Bullitt, 377 U.S. 360, 375 (1964) (characterizing the exercise of equity powers where "special circumstances" exist). These decisions of the Supreme Court confirm that Taylor is correct insofar as it found that the infringement claim had accrued upon the injury, but that equitable tolling existed to save the claim due to exceptional circumstances of active fraud. Taylor exemplifies the doctrine's application. Reinforcing the correctness of Taylor is its final recognition that "mere ignorance of a cause of action does not toll the statute of limitations," Taylor, 712 F.2d at 1118, which is consistent with Rotkiske, 140 S.Ct. at 360. Taylor also expressly acknowledges its lack of statutory analysis by noting the judicial *trend* that equitable tolling with respect to statutes of limitations is a "tendency in modern law." Taylor, 712 F.2d at 1117. When carefully read, Taylor is properly understood as a correct application of the Copyright Act's statute of limitations together with equitable tolling. It did not create a discovery rule for copyright infringement claims.

Twenty years later, the Seventh Circuit brushed up against claim accrual for copyright ownership claims in Gaiman v. McFarlane. There, the Seventh Circuit noted the parties' *concession* in their ownership dispute that they explicitly "agree[d] that the copyright statute of limitations starts to run when the plaintiff learns, or as a reasonable person have learned, that the defendant was violating his rights." Gaiman v. McFarlane, 360 F.3d 644, 653 (7th Cir. 2004).[3] Because infringement was not at issue in Gaiman, it did not hold that §507(b) embodies a discovery rule for such claims In fact, because there was no question of accrual at all before the court for its resolution, it does not embody any claim accrual rule whatsoever. BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT § 4, at 44 (2016) (holdings are "parts of a decision that focus on the legal questions actually presented to and decided by the court"). Instead, Gaiman is simply an application of the discovery rule, by *agreement* of the parties, to a copyright *ownership* dispute, with the dispute centering on the facts as applied rather than the law. Furthermore, because Gaiman was a later decision and the court was not sitting *en banc*, it could not have overruled Taylor's correct accrual-then-toll analysis of infringement claims. THE LAW OF JUDICIAL PRECEDENT, § 60, at 492 (an earlier opinion controls where there is an intracircuit conflict). Demonstrating that Gaiman did not hold *anything* with respect to claim accrual, the Seventh Circuit did not even cite to that decision in Consumer Health, where it stated in no uncertain terms that it "**now hold[s]** that when the gravamen of a copyright suit is a question of copyright ownership, the claim accrues when the ownership dispute becomes explicit." Consumer Health, 819 F.3d at 996-97 (emphasis

---

[3] And contrary to Gaiman's dicta (that an author does not have a duty to investigate possible ownership disputes, Gaiman, 360 F.3d at 654), "one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence," Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). Further, Gaiman's dicta would seem to contravene Taylor, which is consistent with Baldwin County: "the plaintiff has a duty of diligence: it is not enough that he did not discover he had a cause of action, if a reasonable man in his shoes would have." Taylor, 712 F.2 at 1118.

7

supplied). Had the Seventh Circuit believed Gaiman stood for that proposition, it certainly would have cited it and further would not have temporally qualified its holding in the present tense. In that same opinion, the Seventh Circuit also made plain that it views the statute of limitations differently as between copyright ownership disputes and infringement claims due to the very nature of each type of claim and when each accrues, observing that the "distinction makes sense for purposes of claim-accrual analysis." Id. at 997.

A copyright ownership dispute is essentially an equitable claim procedurally cognizable under the Declaratory Judgments Act that refers to the Copyright Act for its substance. Because such claims arise through the Declaratory Judgments Act, 28 U.S.C. § 2201, a claim for a declaration of ownership in a copyright does not exist until there is a *bona fide* controversy, see id. ("actual controversy"), and therefore such a claim depends on a fact-intensive assessment of whether a real dispute between two parties actually exists, Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (the existence of an actual controversy "is necessarily one of degree"); Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (a controversy "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury"), and consequently a copyright ownership claim requires *knowledge* of the dispute, Webster v. Guitars, 955 F.3d 1270, 1275 (11th Cir. 2020); see also Norfolk S. Ry. v. Guthrie, 233 F.3d 532, 534-35 (7th Cir. 2000) (the defendant's actions must be "known to the declaratory plaintiff at the time the action is commenced [are] considered in determining whether [] a threat exists"); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 411 (2013) (finding plaintiff could not assert a declaratory judgment action because they "ha[d] no actual knowledge" of the alleged wrongdoing" and holding that speculation of a possible dispute is insufficient). That analysis is embodied in the holding of Consumer Health, (as well as intimated

8

by Judge Murphy's concurrence in Everly) where ownership claims accrue when a "claimant has notice that his claim of ownership is repudiated or contested." Consumer Health, 819 F.3d at 997. But in contrast, a claim of infringement accrues upon a violation under §501. See Taylor, 712 F.2d at 1117-19; see also Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023) (limiting its analysis to the certified question concerning damages but contrasting ownership claim accrual from infringement claim accrual), cert granted, no. 22-1078 (Sept. 29, 2023).

### C. Chicago Building Design clarified the mode of analysis for copyright infringement claim timeliness in view of Petrella; no new claims of infringement accrue after an image is placed onto a website

In Petrella, the Supreme Court suggested that the general rule is that "a copyright claim accrues when an infringing act occurs." Petrella, 572 U.S. at 670 (cleaned up). While Petrella expressly did not directly confront the question of timeliness of claims under § 507(b), SCA Hygiene, 137 S.Ct. at 962 ("in Petrella, we specifically noted that 'we have not passed on the question'"), the Seventh Circuit has found the repeated dicta throughout Petrella to "cast[] the limitations question in quite a different light." Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 614 (7th Cir. 2014). It made clear that "'how the Copyright Act's limitations period works' and 'when a copyright infringement claim accrues'" "affects the analysis" of claim timeliness. Id. (quoting Petrella).

While Chicago Building recognized that Petrella did not *directly* pass on when an infringement claim accrues, it held that Petrella's "statement to mean that the continuing-violation doctrine does not apply." Chicago Building, 770 F.3d at 615; see also Consumer Health, 819 F.3d at 997 (characterizing Chicago Building as "straightforwardly apply[ing] the separate-accrual rule in an infringement-focused case"). After block-quoting a further portion of Petrella, the court then stated "Petrella significantly changes the focus of analysis" and that "in light of Petrella, we now

9

know that the right question to ask in copyright cases is **whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed**." Chicago Building, 770 F.3d at 616 (emphasis supplied). That approach is also reflected in the Supreme Court's later decision in SCA Hygiene, where it quoted Petrella and "described the Copyright Act's statute of limitations as 'a three-year look-back limitations period.'" SCA Hygiene, 137 S.Ct. at 962. Thus, the court questioned the "common law gloss" that produced the atextual discovery rule, Chicago Building, 770 F.3d at 616, and instructed in its mandate that further litigation may "need to address whether Petrella abrogates the discovery rule in copyright cases," id. at 618.[4]

What is clear from Chicago Building is that the Seventh Circuit has empowered the district courts to evaluate whether a discovery rule should be applicable to infringement claims *vel non*. That reading is reinforced by its later decision in Consumer Health, where it emphasized the difference between ownership and infringement claims, stating that "disputes about copyright ownership are different" from infringement claims; in the latter "**the focus is on the infringing acts**" and that "distinction makes sense for purposes of claim-accrual analysis." Consumer Health, 819 F.3d at 996-97 (citing Seven Arts Filmed Entm't, Ltd. v. Content Media Corp., 733 F.3d 1251, 1254 (9th Cir. 2013)) (emphasis supplied). While Consumer Health also did not pass on accrual of infringement claims, its characterization of Taylor and omission of Gaiman shows that such claims are occurrence-based.

---

[4] The subsequent history of the district court proceeding, no. 12-cv-01010 before Judge Elaine E. Bucklo, indicates that settlement was reached without further ruling on Petrella's impact on the discovery rule.

In "ordinary" infringement actions, as here, "each infringing act is a discrete wrong triggering a new limitations period." See Consumer Health, 819 F.3d at 997. The separate accrual rule reinforces the volitional conduct, discrete act-by-act event that gives rise to a claim. See id.

Following Consumer Health, judges in this district have found that "the dates of the alleged infringement [] are the dates that govern for purposes of the statute of limitations." Carter v. Pallante, 256 F. Supp. 3d 791, 800 (N.D. Ill. 2017); see also Darger v. Lerner, no. 22-cv-3911 (N.D. Ill. Mar. 28, 2023) (Durkin, J.) (applying the separate-accrual rule, quoting Petrella for the proposition that "each wrong gives rise to a discrete claim that accrues at the time the wrong occurs" but finding the complaint alleged that "Defendants are thus currently violating the Copyright Act") (cleaned up);[5] Energy Intelligence Grp., Inc. v. Exelon Generation Co., no. 20-cv-3983 (N.D. Ill. Apr. 21, 2021) (Gottshall, J.) (misreading Chicago Building, but finding that the complaint alleged infringing acts within the three-year limitation period). Other district courts in the Seventh Circuit have found and held similarly. See Boatman v. Peoria Area Ass'n of Realtors, no. 20-cv-1248 (C.D. Ill. Nov. 5, 2021) (Shadid, J.) (Plaintiff "alleges that the last photographs were uploaded to PAAR's MLS in 2016. Yet, he waited until 2020 to file his Complaint.... Therefore, this Court finds that Boatman's claim against PAAR is barred by the three-year statute of limitations under § 507(b)"), appeal dismissed, no. 21-3181 (7th Cir. Mar. 28, 2022).

Additionally, that a work might continue to exist on a website does not result in new infringement or a new claim. Wolf v. Travolta, 167 F.Supp.3d 1077, 1099 n.13 (C.D. Cal. 2016) ("[t]he fact that the allegedly infringing document—[uploaded] in 2010, outside the relevant three-

---

[5] Judge Durkin alternatively held that the discovery rule foreclosed dismissal at the pleadings stage, but noted that "the question of timeliness will be decided later in the case with the benefit of discovery."

11

year window—remained on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window."). Wolf is consistent with Consumer Health's recognition that its prior decision in Chicago Building overruled the continuing harm doctrine in favor of the separate accrual rule). Consumer Health, 819 F.3d at 997.

### D. Harrington's complaint on its face proves the statute of limitations has run in this ordinary infringement action

When the Seventh Circuit's decisions applying the Copyright Act statute limitations are properly understood, it becomes evident that Harrington's complaint here is due to be dismissed as time-barred as a result of allegations on its face. Harrington alleges that the sole infringing act occurred on June 5, 2014, nearly a decade ago. Compl. [ECF 1 at ¶ 15]. No other acts are alleged to have occurred within the three years prior to its filing, namely between August 10, 2020, and August 10, 2023. That the image was publicly viewable on defendant's website during that time is immaterial because the Seventh Circuit has held squarely, based on Petrella, that "the continuing-violation doctrine does not apply" in analyzing the timeliness of ordinary infringement claims pursuant to §507(b). Chicago Building, 770 F.3d at 615; see also Wolf, 167 F.Supp.3d at 1099 n.13.

Plaintiff Harrington filed the complaint on August 10, 2023. [ECF 1]. Thus, for the estate's claim to be timely would require that the alleged infringing act (e.g. copying or display, 17 U.S.C. §§ 106, 501) to have occurred on or after August 10, 2020. Long before that date, the subject blog post was published and publicly accessible, as alleged by plaintiff Harrington herself: June 5, 2014. [ECF 1 at ¶ 15] ("Defendant published the Work on its website.").[6] The complaint does not contain any "allegations of infringing acts that occurred within the three-year look-back period from the

---

[6] Harrington vaguely asserts that the violation is "publication" but that is not one of the enumerated rights under the Copyright Act. The scope of enforceable rights are only those in 17 U.S.C. §106.

12

date on which the suit was filed." Chicago Building, 770 F.3d at 616. Based on the pleading alone, it proves the existence of the limitations defense. Accordingly, judgment is due to be entered for Baby Gizmo.

This Court should apply Taylor and distinguish Gaiman—especially in light of Chicago Building's reservations about the continued vitality of the discovery rule and Consumer Health's lack of citation to Gaiman and the Seventh Circuit's clear emphasis that infringement and ownership claims accrue dissimilarly.

## CONCLUSION

WHEREFORE, defendant Baby Gizmo Company requests the Court (a) grant this motion; (b) find that plaintiff Harrington's Complaint does not allege any facts showing an act of infringement within the three years preceding when the Complaint was filed; (c) grant judgment for defendant Baby Gizmo based on the pleadings and dismiss plaintiff Harrington's infringement claim with prejudice; and (d) grant such further relief as the Court deems just and proper.

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*
*Admitted pro hac vice*

13

## CERTIFICATE OF COUNSEL

Pursuant to the Court's local preferences, counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

            /s/ Griffin Klema
            Griffin C. Klema, Esq.