UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case No. 1:23-cv-05306-EEB/SRH

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

BABY GIZMO COMPANY
d/b/a BABYGIZMO.COM,

    Defendant.

## DEFENDANTS' MOTION TO STAY

Defendant, Baby Gizmo Company, by and through its attorney, Griffin Klema, Esq., and pursuant to the Court's inherent authority to stay the proceedings until its motion for judgment on the pleadings [ECF 13] is ruled upon.

## PROCEDURAL HISTORY

Harrington brought a 1-count complaint for copyright infringement on August 10, 2023, against Baby Gizmo Company ("Baby Gizmo"). [ECF 1]. Baby Gizmo answered, asserted a number of defenses, [ECF 11], and moved for judgment on the pleadings [ECF 13]. Baby Gizmo now moves for a stay of these proceedings pending the Court's decision on that motion or, alternatively, until the Supreme Court decides a potentially authoritative (and almost certainly persuasive) decision in Nealy v. Warner Chappell Music, Inc., no. 22-1078 (Sept. 29, 2023).

## STANDARD FOR GRANTING A STAY

A district court has discretion to stay proceedings before it as a power "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

1

of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A stay order is not "appealable unless its practical effect was to end, not merely interrupt, the judicial proceeding" Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharms., Inc., 586 F.3d 500, 507 (7th Cir. 2009) (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 10 (1983)).

## ARGUMENT

A stay is appropriate here, where a dispositive motion for judgment on the pleadings has been filed and a pending Supreme Court decision may affect the merits.

District courts enjoy wide discretion, particularly concerning discovery. Epps v. Dart, 2022 WL 17251279, at *5 (N.D. Ill. 2022) (district courts "enjoy[] 'broad discretion' in deciding whether a stay of discovery is warranted") (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997)); see also Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (similar). A stay is "often deemed appropriate" if a dispositive motion "can resolve the case at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." See In re Clearview AI, Inc. Consumer Priv. Litig., 2021 WL 5862495, at *1 (N.D. Ill. 2021); see also New England Carpenters Health & Welfare Fund v. Abbott Labs., 2013 WL 690613, at *1 (N.D. Ill. 2013); U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988).

Here, Baby Gizmo's motion for judgment on the pleadings raises a threshold issue of the timeliness of Harrington's singular infringement claim, which would be case-dispositive if granted.

Separately, the Supreme Court granted a petition for writ of certiorari to hear the decision in Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023), where it will address

2

"[w]hether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. §507(b), a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit." Nealy v. Warner Chappell Music, Inc., no. 22-1078 (Sept. 29, 2023).

Given the scope of the Supreme Court's certiorari grant, the decision there has a possibility of being dispositive of Harrington's claim here with respect to damages or claim timeliness and at least has a significant likelihood of informing how the Court should rule even if not authoritative on the present issue. A potential delay of not more than eight months will not prejudice Harrington, as no further damages are occurring because that the allegedly offending blog post has been removed in its entirety and Harrington does not even allege a continuing harm. Entering a stay would also not be an abuse of discretion because a stay, pending ruling on Baby Gizmo's 12(c) motion or the forthcoming opinion in Nealy, might prevent unnecessary litigation costs—costs that could be significant for Baby Gizmo to show that Harrington's actual damages are low, that Harrington habitually extorts settlements in abusive fashion, that Harrington's certificate is invalid, and more. See Joint Status Report [ECF 12 at 3] (noting the scope of factual issues); see also Harrington v. 360 ABQ, LLC, no. 22-cv-00063 (D.N.M. Nov. 17, 2022) (granting in part defendant's motion to compel disclosure of information related to Harrington's prior infringement claims). Given the volume and breadth of the information at issue, the parties and the Court will benefit from the Court's decision on the threshold statute of limitations issue. See United States v. Supervalu, Inc., 2016 WL 3906570, at *2 (C.D. Ill. 2016) (granting stay where resolving threshold legal issues would "significantly limit the scope of discovery").

The Court should also take note of Harrington's business model as a copyright troll. In 360 ABQ, the New Mexico District Court refused to dismiss the defendant's copyright misuse defense

3

alleging Harrington is a copyright troll. Harrington v. 360 ABQ, LLC, no. 22-cv-00063 (D.N.M. May 18, 2022). PACER also shows that the number of infringement cases Harrington has filed may exceed 130, and it is believed that most of those cases were dismissed early as a result of the defendant electing to settle rather than litigate.[1] That track record and the Seventh Circuit's acknowledgement of the evils of such practices, Live Face on Web, LLC v. Cremation Soc'y of Ill., 77 F.4th 630, 635 (7th Cir. 2023) ("this suit bears all the hallmarks of a copyright troll at work") should give this Court pause, and provide a basis for a pause in the litigation, too.

**WHEREFORE**, defendant Baby Gizmo Company requests the Court (a) grant this motion; (b) stay these proceedings until Baby Gizmo's motion for judgment on the pleadings is decided or alternatively until the Supreme Court issues its opinion in Nealy; and (c) grant such further relief as the Court deems just and proper.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*
*Admitted pro hac vice*

---

[1] The undersigned counsel was the attorney of record in one of them, Harrington v. BlackHat Studios, LLC, no. 23-cv-01994 (E.D. La.), in which the defendant elected to settle to avoid abusive litigation; see also n.1, *supra*.

4

5

**CERTIFICATE OF COUNSEL**

Pursuant to the Court's local preferences, counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

                                                                          /s/ Griffin Klema
                                                                          Griffin C. Klema, Esq.